**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
Crystal T. Innabi (SBN: 316434)
ci@sinlegal.com
770 L Street, Suite 950
Sacramento, CA 95814
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEIDI CUNNINGHAM.,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**MERIDIAN CREDIT GROUP, LLC.,**<br><br>Defendant. | **Case No.:** 5:18-CV-01889<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an unfair debt collection practices action based upon Defendant's use of a collection tactic commonly known as "the shake" which is industry parlance for "shakedown."

2. The scheme is simple and effective. Debt collectors develop scripts to read during phone calls to consumers which threaten consumers with "legal documents," criminal "charges" or falsely claim they need to "verify an address for service of process" for a non-existent lawsuit.

3. The intended effect is an undue sense of urgency, resulting in panic on the part of the consumer who immediately contacts the debt collector and pays the alleged debt under a false and illegal pretext.

4. That is the exact scheme Plaintiff, HEIDI CUNNINGHAM, was subject to and Plaintiff now brings this action against Defendant, MERIDIAN CREDIT GROUP, LLC., ("MERIDIAN"), for violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq.*

5. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

///

9. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

10. At all times relevant, Plaintiff was an individual residing within the State of California.

## JURISDICTION AND VENUE

11. This action arises out of Defendant's violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

12. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

13. The Court has personal jurisdiction over Defendant as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

14. Venue is proper in the United States District Court, Central District of California as: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

15. Plaintiff, HEIDI CUNNINGHAM., ("Plaintiff") is a natural person who resides in the City of Calimesa, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" and a "person" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant, MERIDIAN CREDIT GROUP, LLC., ("MERIDIAN"), is a Wyoming limited liability corporation.

///

17. MERIDIAN in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out its principle business purpose which is the collection of debts.

18. MERIDIAN in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

20. Sometime before August of 2018, Plaintiff is alleged to have defaulted on a consumer debt, (the "Debt").

21. The alleged Debt was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f), and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. Sometime thereafter, the Debt was placed with Defendant for the purpose of debt collection.

23. On or about August 29, 2018, Defendant contacted Plaintiff and left a voicemail attempting to collect on the Debt, ("**The First Voicemail**").

///

///

///

24. **The First Voicemail** stated:

   …This is Jeff Plains, manager with Meridian, calling on the *Complaint that was filed against you* … The client has asked me to make the final recommendation to issue this paperwork out against you for *forced small recovery* … I've asked for your name and social as well as verify location information. I did want to make you aware that I am here to help you avoid further action, however the opportunity to go over these options will not be available for long, so I would recommend … to get back with me as soon as you can. You can reach me at 855-479-4608, Ext. 123. Thank you.

[emphasis added.]

25. **The First Voicemail**'s purpose was to instill a false sense of urgency of an imminent lawsuit to coerce Plaintiff into contacting Defendant and paying the Debt immediately.

26. By falsely stating that a "*Complaint*" was "*filed against [Plaintiff],*" Defendant threated litigation, and falsely implied that there was a lawsuit pending against Plaintiff. By using the words "Complaint" and "filed," Defendant connotes to the least sophisticated consumer that a lawsuit has already been filed, and that claims are currently pending against him or her.

27. Through the date of this filing, no lawsuit has been filed in California against Plaintiff for the Debt.

28. By claiming they could and would go after Plaintiff through *"forced small recovery"* Defendant falsely implied that Defendant could forcefully recover the amount owed on the Debt from Plaintiff. By using the words "forced small recovery," Defendant falsely connotes to the least sophisticated consumer that Defendant could and would proceed with garnishment and/or seizure of Plaintiff's property to recover the Debt.

///

29. The above-described threats and representations made to Plaintiff by Defendant were false and part of a scripted and unlawful debt collection practice that is ongoing and is currently being perpetrated by Defendant to coerce the payment of money from consumers through the use of false threats, criminal extortion, intimidation, and unlawful harassment.

30. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant also violated: (i) Cal. Civ. Code § 1788.10(e) by threatening that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, when such action cannot legally be taken or is not intended to be taken.

32. Moreover, **The First Voicemail** was an initial communication from a debt collector within the meaning of 15 U.S.C. § 1692e(11).

33. In the voicemail, Defendant failed to: (i) identify themselves as debt collectors; (ii) state that the purposes of the call was debt collection and any that information obtained would be used for the purposes of debt collection; and (iii) failed to make meaningful disclosure of its identity.

///

34. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692e(11) by failing to disclose that the communication was an attempt to collect a debt by a debt collector and that any information obtained would be used for that purpose. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

35. **The First Voicemail** was also an "initial communication" as that term is defined by 15 U.S.C. § 1692g.

36. Defendant failed to send Plaintiff the required validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of the initial communication, a written notice containing (i) the amount of the debt; (ii) the name of the creditor to whom the debt is owed; (iii) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (iv) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (v) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if

different from the current creditor.

38. Though this conduct, Defendant also violated Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702 by failing to send a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). Cal. Civ. Code § 1812.702 provides that any violation of Cal. Civ. Code § 1812.700, et seq. is violation of the RFDCPA; thus, Defendant violated the RFDCPA, (Cal. Civ. Code § 1788, *et seq*.).

39. On or about August 29, 2018, Defendant contacted Plaintiff again and left a voicemail attempting to collect on the Debt, ("**The Second Voicemail**").

40. **The Second Voicemail** stated:

> Hi. Look, you know avoiding these calls will obviously not make this matter go away. I would encourage that if you would like to discuss and *avoid further action* that you contact me back *immediately* … *You need to get back to me right away*…

[emphasis added.]

41. **The Second Voicemail**'s purpose was to instill a false sense of urgency of an imminent lawsuit to coerce Plaintiff into contacting Defendant and paying the alleged Debt immediately.

42. By stating that Plaintiff needed to "*get back to [Defendant] right away*" in order to "*avoid further action*", in combination with the "lawsuit" and "forced" recovery threatened in **The First Voicemail**, Defendant threatened litigation, and falsely implied that there was or could soon be a lawsuit pending against Plaintiff if Plaintiff did not pay the Debt immediately.

43. The above-described threats and representations made to Plaintiff by Defendant were false and part of a scripted and unlawful debt collection practice that is ongoing and is currently being perpetrated by Defendant to coerce the payment of money from consumers through the use of false threats,

criminal extortion, intimidation, and unlawful harassment.

44. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

45. Moreover, in **The Second Voicemail,** Defendant failed to: (i) identify themselves as debt collectors; and (ii) failed to make meaningful disclosure of its identity.

46. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692e(11) by failing to disclose that the communication was an attempt to collect a debt by a debt collector and that any information obtained would be used for that purpose. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

///

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT
## ("FDCPA") 15 U.S.C. § 1692 ET SEQ.
## [AGAINST MERIDIAN]

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF
## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
## [AGAINST MERIDIAN]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

52. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

53. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00,

from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful debt collection stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: September 5, 2018                     Respectfully submitted,

                                             **SINNETT LAW, APC.**

                                             BY: /S/ CRYSTAL T. INNABI
                                             CRYSTAL T. INNABI, ESQ.
                                             ATTORNEY FOR PLAINTIFF

# TRIAL BY JURY

Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff are entitled to, and demands, a trial by jury.

Dated: September 5, 2018                Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ CRYSTAL T. INNABI
CRYSTAL T. INNABI, ESQ.
ATTORNEY FOR PLAINTIFF